12-3316-cv
*Arrocha v. City University of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand thirteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

JOSE LUIS ARROCHA,

> *Plaintiff-Appellant*,

> v.                                                          12-3316-cv

CITY UNIVERSITY OF NEW YORK, *et al.*,


> *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jose Luis Arrocha, *pro se*, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Matthew W. Grieco, Assistant Solicitor General of Counsel, Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Albany, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jose Luis Arrocha, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss his civil rights and employment discrimination action pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's Rule 12(b)(6) dismissal of a complaint *de novo*. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We remain obligated, however, to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Thus, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *id.*, we should look for such allegations by reading *pro se* complaints with "special solicitude" and interpreting them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (emphasis omitted).

Upon review, we conclude that the district court properly granted the defendants' motion to dismiss on the ground that the claims were implausible. We need not reach Arrocha's argument that his 2009 Title VII claims that the district court dismissed as time-barred were properly brought because the district court should have treated his EEOC intake form as an EEOC charge (an argument that, in any event, was not presented to the district court). Arrocha's 2009 Title VII claims rely on the same legal predicates and factual allegations as his 2009 § 1983 claims. Because we conclude that the district court correctly dismissed the latter claims for failing to state a claim, his Title VII claims were also properly dismissed, even assuming they were timely when filed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk